IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NYGER PAGE, et al.,            :
                               :
          Plaintiffs,        :   CIVIL ACTION
                               :
     v.                          :   No. 08-cv-4193
                               :
CITY OF PHILADELPHIA,        :
OFFICER MARKO, OFFICER KELLY, and   :
DONTANTE MITCHELL,           :
                               :
          Defendants.       :

## MEMORANDUM AND ORDER

Joyner, J.                                     October 21, 2008

Before this Court is Plaintiffs' Motion to Remand (Doc. No. 11) pursuant to 28 U.S.C. § 1441, the Defendants', City of Philadelphia ("City"), Officer Marko and Officer Kelly, Responses thereto (Doc. No. 12, 13), and Plaintiffs' Reply to the Response (Doc. No. 14).

## Factual and Procedural Background

On January 1, 2008, Plaintiffs, Nyger Page, et al., were attending a New Year's Eve Party at 5644 Boyer Avenue in Philadelphia.  Pl. Mot. Brf. 6.  Defendant Dontate Mitchell was outside of the home in possession of a firearm when Officers Marko and Kelly arrived at the property.  Id.  Defendant Mitchell fled into the house where the party was being held and Officer

1

Marko drew his weapon and fired eleven gunshots at Mitchell as he
fled.  Id. at 6-7.  A number of these shots went through a screen
door and hit party guests inside, including plaintiff Nyger Page,
a minor, who was shot once in the back.  Id.  Plaintiffs allege
that Officers Marko and Kelly then entered the house, were
verbally and physically abusive and detained plaintiff Page
unlawfully.  Id. at 7.  Plaintiffs originally filed this action
in the Philadelphia Court of Common Pleas on August 19, 2008,
alleging federal constitutional claims against the City and
Officers Marko and Kelly (Counts I and II), negligence claims
against the City, Officers Marko and Kelly and defendant Mitchell
(Counts III, IV and VII), reckless disregard for safety against
Officers Marko and Kelly (Count V), and outrageous conduct
causing severe emotional distress against Officers Marko and
Kelly and defendant Mitchell (Count VI).

Plaintiffs formally served the City and Officers Marko and
Kelly with the Complaint on August 28, 2008.  The City then filed
a Notice of Removal with this Court on August 29, 2008, pursuant
to 28 U.S.C. § 1441, without the joinder or consent of Officers
Marko and Kelly.  Officers Marko and Kelly each then filed
independently to consent to removal with this Court within thirty
days of the initial service of the Complaint (Officer Kelly filed
his consent to removal on September 5, 2008; Officer Marko filed
his consent to removal on September 17, 2008).  Defendant

2

Mitchell was served on September 15, 2008, after the Notice of Removal had been filed.  Plaintiffs then filed a Motion to Remand on September 26, 2008, asking this Court to remand the action to the Pennsylvania Court of Common Pleas.

## Discussion

In motioning for remand, the party moving for removal bears the burden of establishing the propriety of removal.  Steel Valley Auth. v. Union Switch and Signal Division, 809 F. 2d 1006, 1010 (3d Cir. 1987).  In deference to the plaintiff's choice of venue and state court sovereignty, "removal statutes are to be strictly construed against removal and all doubts resolved in favor of remand."  Id. (citing Abels v. State Farm Fire & Casualty Co., 770 F.2d 26, 29 (3d Cir. 1985)).  Additionally, for purposes of this Opinion, the Court will construe all of Plaintiffs' allegations in the Complaint as true.  Boyer v. Snap-On Tolls Corp., 913 F.2d 108, 111 (3d Cir. 1990).

Plaintiffs do not dispute that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(b), as plaintiffs allege violations of federal civil rights and seek relief against named defendants under 42 U.S.C. § 1983.  Hence, plaintiffs rely primarily on procedural grounds.  In arguing for remand, plaintiffs contend (1) that the Notice of Removal was defective because defendant Mitchell has not consented, (2) that

3

the City made an inaccurate statement in the Notice of Removal rendering it defective and (3) that the case should be remanded to avoid duplicative litigation with an ongoing state action, Isaac v. Mitchell, et al., No. 3175 (Pa. Ct. Common Pleas filed August , 2008).

I. Defendant Mitchell's Failure to Consent

A defendant has thirty days from the initial service of the complaint to file a Notice of Removal and, for it to be proper, all defendants named in the action must explicitly consent to the removal.  28 U.S.C. § 1446; Chicago, Rock Island, & Pacific Ry. Co. v. Martin, 178 U.S. 245, 248 (1900); Aycox v. City of Elizabeth, 2008 U.S. Dist. LEXIS 37585, at *4-5 (D.N.J. May 6, 2008).  However, this "rule of unanimity" does have four well-settled exceptions, one of which holds that "defendants who have not been served with the initial pleading pursuant to 28 U.S.C. § 1446(b) at the time the notice of removal is filed are also not required to join in the notice of removal or otherwise consent to removal."[1]  Johnson v. Vertis, Inc., 2002 U.S. Dist. LEXIS 20246, 2002 WL 31388817, at *1 (E.D.Pa. Oct. 23, 2002).  See also

---

[1]Other exceptions include: (1) nominal parties need not consent, (2) parties fraudulently joined need not consent; (3) under 28 U.S.C. 1441(c), defendants to pure state law claims need not consent if the complaint contains "separate and independent" claims against removing parties over which a federal court has original jurisdiction.  Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995) (citing McManus v. Glassman's Wynnefield, Inc., 710 F. Supp. 1043, 1045, n.5 (E.D.Pa. 1989) (citations omitted); Knowles v. American Tempering Inc., 629 F. Supp. 832, 836 (E.D. Pa. 1985)).

Johnson v. Sec'y of Pa. Dep't of Corrections, 2000 U.S. Dist.
LEXIS 1025, 2000 WL 136802, at *2 (E.D.Pa. Feb. 7, 2000)
(explaining that defendants not served at the time of removal
need not consent); Ogletree v. Barnes, 851 F. Supp. 184, 197
(E.D. Pa. 1994) (same).  In this instance, three defendants, the
City, Officer Marko and Officer Kelly, were all formally served
before the City filed its Notice of Removal.  See Pl. Reply, Exh.
2.  Though not joined in the original notice of removal each
defendant has independently consented to removal to this Court
within thirty days of receipt of the complaint.  The fourth
defendant, defendant Mitchell, was formally served on September
15, 2008, approximately seventeen (17) days after the City filed
its Notice of Removal.  See Doc. No. 15.  Hence, as he was not
served at the time the notice of removal was filed, defendant
Mitchell need not have consented for it to have been proper.  The
lack of defendant Mitchell's consent to removal does not create a
defect in the Notice and is not a ground for remand.


II. Assertions by the City Contained in the Notice of Removal

    In its Notice of Removal, the City stated, "As of this date,
August 29, 2008, only the Defendant, City of Philadelphia, has
been served with the Complaint."  Pl. Mot., Exh. 2.  Plaintiffs
note that, in fact, Officers Marko and Kelly had been served with
the Complaint one day earlier on August 28, 2008 and contend that

5

this defect should result in procedural grounds to remand.
However, as noted, all defendants served at the time of the
Notice of Removal have formally consented to removal.
Additionally, the service of the original Complaint to Officers
Marko and Kelly did not appear on the state court docket until
September 5, 2008.  Hence, while the City might conceivably have
taken more aggressive steps to insure that all served defendants
joined the Notice of Removal, the fact that it did not do so is
not grounds for a Rule 11 violation, especially in light of the
fact that Officers Marko and Kelly explicitly consented to
removal days after the Notice was filed.  The City's assertion
contained in the Notice of Removal does not serve as a procedural
ground for remand.


III.  Related State Court Action

     Finally, plaintiffs argue that the present action is
directly related to Isaac v. Mitchell, et al., No. 3175 (Pa. Ct.
Common Pleas filed August 19, 2008), a state court action arising
out of the same sequence of events, that plaintiffs plan to
consolidate this case with Isaac, and that in light of state
court sovereignty, we should remand this action.  While we
recognize that the state court action may be related and
appreciate that trying the cases together could be more
efficient, we find that the federal claims at issue have

6

triggered the rights of removal and we will not remand a case involving federal claims based only on possible judicial economy. See 28 U.S.C. § 1441(b).

    For the foregoing reasons, the plaintiffs' Motion to Remand is denied.  An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


NYGER PAGE, et al.,                    :
                                       :
            Plaintiffs,                :    CIVIL ACTION
                                       :
      v.                               :    No. 08-cv-4193
                                       :
CITY OF PHILADELPHIA,                  :
OFFICER MARKO, OFFICER KELLY, and      :
DONTANTE MITCHELL,                     :
                                       :
            Defendants.                :


ORDER

    AND NOW, this  21st  day of October, 2008, upon

consideration of Defendant's Motion for Remand (Doc. No. 11), and

responses thereto, for the reasons set out in the attached

memorandum, it is hereby ORDERED that the Motion is DENIED.


                                  BY THE COURT:


                                  s/J. Curtis Joyner
                                  J. CURTIS JOYNER, J.